**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | )   2: 09-cr-00325 |
| v. | ) |
| | ) |
| **DAVID CURRAN, BRADLEY BARNDT,** | ) |
| **and FRANCO BADINI** | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

Presently before the Court for disposition is the MOTION TO SUPPRESS EVIDENCE SEIZED AT 336 BROOKSIDE BLVD., with brief in support, filed by Defendant David Curran (Document Nos. 487 and 562). The government, with the Court's permission, filed an Omnibus Response to all pretrial motions (Document No. 521), including a specific response to Defendant's motion to suppress evidence seized at 336 Brookside Blvd., as well as a REPLY to the post-hearing brief submitted by Defendant (Document No. 572).

A hearing on pretrial motions filed by Defendants was scheduled and conducted by the Court on April 13, 2011. Each of the named Defendants, with counsel, was present in person. After initial remarks of the Court and statements of counsel for the government and each defendant, it developed that the Court did not need to conduct an evidentiary hearing on the motion to suppress evidence seized at 336 Brookside Blvd. The motion challenges the sufficiency of the information contained within the four corners of the "Application and Affidavit for Search and Seizure Warrants."

### THE APPLICATION AND AFFIDAVIT FOR SEARCH AND SEIZURE WARRANTS

From June 19, 2009, through October 16, 2009, law enforcement initiated court-authorized Title III interceptions of communications on five cellular telephones, four of which

were being used by Curran, which resulted in hundreds of allegedly drug-related telephone calls between Curran and a number of other individuals. According to law enforcement, these telephone calls established that Curran and his drug-trafficking associates had conspired to distribute and distributed multi-kilogram quantities of cocaine in the Western Pennsylvania area.

On December 14, 2009, a search warrant was issued for ten (10) residences, including 336 Brookside Blvd., Upper St. Clair, PA 15241, the residence of Curran, and seven (7) vehicles. The warrant was executed a short time thereafter. Defendant has moved to suppress evidence seized during the search of his residence asserting that the search warrant affidavit contained stale information and showed no nexus between drug activity and his residence. The record before the Court does not reflect what was seized from Curran's residence by the law enforcement agents as a result of the search.

### STANDARD OF REVIEW

The Fourth Amendment to the United States Constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. Amend. IV. The threshold requirement for issuance of a warrant is probable cause. *Illinois v. Gates,* 462 U.S. 213 216 (1983). In reviewing a search warrant application, and considering all of the circumstances described in the affidavit, there must be sufficient evidence presented that demonstrates that there is a "fair probability" that evidence of a crime will be located before validating a warrant. *Id*. at 238; *United States v. Ritter,* 416 F.3d 256, 262-63 (3d Cir. 2005). Probable cause is a "fluid concept-turning on the assessment of probabilities in

particular factual contexts – not readily, or even usefully, reduced to a neat set of legal rules."
*Gates*, 462 U.S. at 232.

When a warrant is issued and later challenged, a deferential standard of review is applied in determining whether the magistrate judge had a "substantial basis" for finding that probable cause existed. *Ritter*, 416 F.3d at 264. Although, the decision of the issuing officer should be afforded great deference, *United States v. Conley*, 4 F.3d 1200, 1205 (3d Cir. 1993), the reviewing court should not "simply rubber stamp a magistrate [judge's] conclusion." *United States v. Tehfe*, 722 F.2d 1114, 1117 (3d Cir. 1983), *cert. denied sub nom., Sanchez v. United States*, 466 U.S. 904 (1984).

Rather, the role of the reviewing court is to determine whether the magistrate judge had a substantial basis for determining that probable cause existed and not to decide probable cause de novo *United States v. Stearn*, 597 F.3d 540, 554 (3d Cir. 2010). "If a substantial basis exists to support the magistrate [judge's] probable cause finding, we must uphold that finding even if a 'different magistrate judge might have found the affidavit insufficient to support a warrant.' " *Id*. In so doing, the court must confine itself to the affidavit and cannot consider other portions of the record. *United States v. Hodge*, 246 F.3d 301, 305 (3d Cir. 2001). When resolving questionable cases, the deference given warrants should prevail. *Gates*, 462 U.S. at 237 n. 10; *United States v. Jones,* 994 F.2d 1051, 1055 (3d Cir. 1993).

### DISCUSSION

**A. Stale Information**

Defendant argues that the information in the affidavit is stale because "a span of 82 days went by between September 23, 2009 [the most recent date mentioned as to the residence in the affidavit] and the date the search warrant for 336 Brookside Blvd. was issued." Br. at 2-3.

3

Generally, when information supporting a warrant application is too old, the information is stale and cannot establish probable cause. *United States v. Harvey*, 2 F.3d 1318, 1322 (3d Cir. 1993). However, age alone does not determine whether information is stale. *United States v. Vosburgh*, 602 F.2d 512, 529 (3d Cir. 2010); *United States v. Zimmerman*, 277 F.3d 426, 434 (3d Cir. 2002). Instead, the reviewing court must examine, on a case-by-case basis, the: (i) nature of the crime; and (ii) the type of evidence sought by the warrant. *Zimmerman*, 277 F.3d at 426. Moreover, "where the facts adduced to support probable cause describe a course or pattern of ongoing and continuous criminality, the passage of time between occurrence of the facts set forth in the affidavit and the submission of the affidavit itself loses significance." *United States v. Urban*, 404 F.3d 754, 774 (3d Cir. 2005). "The determination of probable cause is not merely an exercise in counting the days or even months between the facts relied on and the issuance of the warrant. Rather, we must also examine the nature of the crime and the type of evidence." *Harvey,* 2 F.3d at 1322.[1] "[W]hen an activity is of a protracted and continuous nature, 'the passage of time becomes less significant.'" *Tehfe*, 722 F.2d at 1119) (*quoting United States v. Harris*, 482 F.2d 1115, 1119 (3d Cir. 1973)).

Considering this authority in light of the record before the Court, the Court finds and rules that the information in the affidavit is not stale. With respect to the "nature of the crime," the factual allegations in the affidavit, along with the normal inferences that can be drawn from those allegations, demonstrate that Curran was engaged for months during 2009 in a significant illegal drug distribution in the Western Pennsylvania area and had been doing so for several

---

[1] In *Harvey*, the Court of Appeals for the Third Circuit addressed the issue of staleness in a warrant affidavit, which recounted that the defendant had received deliveries of child pornography between two and fifteen months before execution of the search warrant. In affirming the probable cause of the warrant, our appellate court noted the decisions of other courts that had rejected staleness challenges.

4

years.  Accordingly, Curran's continuous course of conduct in a large scale drug operation made it reasonable to conclude that the illegal drug sales would continue beyond September 2009.

Further, the Court finds that a person engaged in a large scale illegal drug distribution operation would maintain the type of evidence sought by the warrant[2] for an extended period of time.  The protracted and continuous nature of narcotics operations, such as those allegedly engaged in by Curran, extend the shelf life of information in determining staleness.  *Tehfe*, 722 F.2d at 1119; *see e.g., Ritter*, 416 F.3d at 263 (upholding a finding of probable cause based on observation of narcotics activity that occurred seven months earlier because the later search involved a similar type of narcotics offense); *United States v. Filiberto*, 712 F .Supp. 482, 486 (E.D. Pa. 1989) (finding that information obtained two years prior to arrest was not stale in light of the continuous nature of narcotics trafficking alleged in the affidavit).

Accordingly, the Court finds that Defendant's arguments that the information relied upon in the Affidavit is stale and thus lacks probable cause is unavailing.  The Court finds and rules that the magistrate judge had a substantial basis to conclude that it was probable that certain types of evidence related to Curran's alleged drug dealing would be kept at his residence.

---

[2]  The Warrant authorized the agents to search and seize the following:  controlled substances; paraphernalia for packaging, processing, diluting, weighing, or distributing controlled substances; books, records, receipts, notes, ledgers, and other documents relating to the acquisition and distribution of controlled substances and monetary transactions involving the proceeds from the sale of controlled substances; personal records and notes reflecting names, addresses, telephone numbers, and other contact or identification data relating to the controlled substances, money laundering, and the criminal use of communication facilities; cash, currency, and records relating to the generation of income from the sale of controlled substances and the expenditure of such income; documents indicating travel in interstate and foreign commerce; computers, cellular telephones, palm pilots, and/or other electronic media utilized for communications and data-saving purposes, as well as documents and records relating thereto; firearms and other dangerous weapons; and identification evidence and/or indicia, that tend to identify the person(s) in residence, occupancy, control, or ownership of subject premises, subject accounts, or items of contraband.

**B.      Nexus Between Alleged Illegal Drug Dealing and Search of Residence**

Curran also argues that the affidavit does not set forth a sufficient nexus between his alleged drug dealing and his residence to support the issuance of the warrant.

The United States Court of Appeals for the Third Circuit recently reiterated the analysis to apply to determine whether a sufficient nexus exists to justify a search of a home.

> The starting point is that a magistrate judge may infer probable cause from 'the type of crime, the nature of the items sought, the suspect's opportunity for concealment and normal inferences about where a criminal might hide . . . [evidence]. Proceeding from that premise, *Hodge*,[3] *Whitner*,[4] and *Burton*[5] permit the magistrate to infer from 'the type of crime,' 'nature of the items sought' and the defendant's 'opportuni[ties] for concealment' that a drug dealer in some circumstances may use his home to store evidence associated with drug dealing . . . . [T]he factual circumstances of [*Hodge, Whitner* and *Burton*] do not limit the inferences a detached magistrate is permitted to draw. We understand the District Court's inclination to read these cases narrowly, but we must reject its attempt to substitute bright-line rules for a more 'fluid . . . assessment of probabilities in particular factual contexts.' *Gates*[6] directs, and we agree, that probable cause is an inquiry 'not readily, or even usefully, reduced to a neat set of legal rules.'

*United States v. Stearn*, 597 F.3d at 559.

---

[3]   *United States v. Hodge*, 246 F.3d at 306 ("[N]o direct evidence that drugs or drug paraphernalia would be located at Hodge's home.   However, there was significant evidence (of record) from which the magistrate judge might reach that conclusion").

[4]   *United States v. Whitner*, 219 F.3d 289, 298 (3d Cir. 2000) ("Evidence associated with drug dealing needs to be stored somewhere, and . . . a dealer will have the opportunity to conceal it in his home.  After all, a dealer logically could conclude that his residence is the best, and probably the only, location to store items such as records of illicit activity . . . ."

[5]   *United States v. Burton*, 288 F.3d 91, 103 (3d Cir. 2002) ("Direct evidence linking the residence [to be searched] to a criminal activity is not required to establish probable cause" for a search warrant; an accumulation of circumstantial evidence can be sufficient."

[6]   *Illinois v. Gates*, 462 U.S. 213 (1983).

Considering this authority against a record that includes a continuous course of illegal distribution of drugs involving a large amount of cash and the conclusions of where evidence would be likely kept, and based on the significant experience of the affiant, the Court finds and rules that the magistrate judge had a substantial basis to conclude that evidence related to Curran's drug crimes would be stored at his residence.

## CONCLUSION

For all the hereinabove stated reasons, the Motion to Suppress Evidence Seized at 336 Brookside Blvd. will be denied. An appropriate order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) 2: 09-cr-00325 |
| v. | ) |
| | ) |
| DAVID CURRAN, BRADLEY BARNDT, | ) |
| and FRANCO BADINI | ) |

### ORDER OF COURT

AND NOW, this 27th day of May, 2011, in accordance with the foregoing Memorandum Opinion, is it hereby **ORDERED, ADJUDGED AND DECREED** that the Motion to Suppress Evidence Seized at 336 Brookside Blvd. filed by Defendant David Curran is **DENIED.**

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:    Craig W. Haller,
Assistant U.S. Attorney
Email: craig.haller@usdoj.gov

Warner Mariani, Esquire
Email: marianilaw@mac.com

Stephen Israel, Esquire
Israel & Specter
Email: ispeclaw@fyi.net

Lee M. Rothman, Esquire
Email: DifenderferRothmanHaber@yahoo.com