IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | **2:09-cr-325** |
| v. | ) | **2:14-cv-1377** |
| | ) | |
| **DAVID CURRAN,** | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

Pending before the Court is the MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (ECF No. 976), filed by David Curran. The government has filed a response in opposition to the motion (ECF No. 979). Accordingly, the motion is ripe for disposition. For the reasons that follow, the motion will be denied without a hearing,[1] and no certificate of appealability will be issued.

**I.     Background**

On March 30, 2010, a grand jury sitting in the Western District of Pennsylvania returned a nine-count superseding indictment against Curran and 15 co-defendants for their involvement in a wide-ranging cocaine conspiracy. Curran was charged in Count One with conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and in Counts Two, Four, and Six with distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(C).

A trial in this matter was scheduled to commence on August 8, 2011, against Curran and two co-defendants, Bradley Barndt and Franco Badini. On the morning of jury selection,

---

1.     A district court has the authority to dismiss a motion to vacate without holding an evidentiary hearing when it is clear from both the motion and the record that the movant is not entitled to relief. *See* 28 U.S.C. § 2255(b); Rule 4(b) of the Rules Governing § 2255 Proceedings. As more fully explained herein, Curran has not demonstrated a prima facie entitlement to relief. Accordingly, the Court will resolve this motion without a hearing.

1

however, Curran, who was represented by counsel,[2] advised the Court that he wished to change his plea of not guilty to a plea of guilty. At the change-of-plea hearing held later that day, the government pointed out, prior to the entry of Curran's plea, that a § 851 information had been filed on July 29, which would increase the mandatory minimum sentence to 240 months imprisonment. Plea Hr'g Tr. at 24, ECF No. 878. As set forth in the § 851 information, Curran was convicted of possession with intent to distribute a controlled substance in violation of 35 P.S. § 781-113(a)(30) on March 13, 2006. ECF No. 672. The government further advised Curran that he could "challenge the conviction noticed in the 851 information," though it cautioned that "there is also a time limit as far as when that must be, and it has to essentially be before the sentencing hearing occurs or is at least completed." Plea Hr'g Tr. at 24, ECF No. 878. Moments later, after Curran was given an opportunity to consult with his counsel off the record, he was asked whether he understood the government's statement regarding the effect of the § 851 information. *Id.* at 24-25. He responded, "Yes. But just for the record, that 851, like he said, I can litigate that, right?" *Id.* at 25. The Court responded, "Yes . . . Yes, you do have a time frame within which you have to do that, and it's prior to the sentencing; and we'll be setting a sentencing date. So, yes, you have the opportunity to litigate that." *Id.* Curran responded, "All right, thank you." The hearing proceeded from there, and Curran entered an open plea of guilty, which the Court accepted.

Following Curran's change-of-plea hearing, the probation office submitted a Presentence

---

2. Curran was represented by court-appointed attorney Warner Mariani throughout the pretrial process and during his change-of-plea hearing. However, on December 1, 2011 – approximately one week before the sentencing hearing was initially scheduled to occur – Mariani moved to withdraw as Curran's counsel, citing irreconcilable differences. ECF No. 824. After holding a hearing, the Court somewhat reluctantly granted this motion, finding that good cause existed to permit Mariani to withdraw. ECF No. 843. Thereafter, attorney R. Damien Schorr was appointed to represent Curran at his sentencing hearing. ECF No. 844. Schorr also represented Curran on direct appeal.

Investigation Report ("PSI"). According to the PSI, Curran's offense level was 37 (i.e., 39 minus two for acceptance of responsibility), after applying the enhancements in §2D1.1(b)(1) (dangerous weapon) and § 3B1.1 (manager or supervisor). Moreover, his criminal history category was III, which resulted in a Guidelines range of 262 to 327 months in prison. In its Tentative Findings and Rulings, however, this Court ruled that the § 2D1.1(b)(1) enhancement could not be assessed because there was insufficient evidence to find that Curran possessed a dangerous weapon. Tentative Findings and Rulings at 5, ECF No. 835. Based on that ruling, Curran's offense level was reduced to 35, which resulted in a revised Guidelines range of 210 to 262 months imprisonment. Because of the Curran's prior drug conviction, though, he was subject to a mandatory minimum of 240 months.

On November 11, 2011, Curran filed an objection to the § 851 information, arguing that his 2006 state-court conviction was tainted by ineffective assistance of counsel. ECF No. 802. The government responded that Curran's challenge to his conviction was barred by 21 U.S.C. § 851(e), which prohibits a defendant from challenging the validity of a prior conviction that occurred more than five years before the filing of the § 851 information. ECF No. 803. The Court agreed and overruled Curran's objection. ECF No. 815.

The Court, therefore, proceeded with sentencing in accordance with the revised Guidelines range of 240 to 262 months. Curran was eventually sentenced at the high end of the Guidelines range to 262 months in prison, to be followed by a 10-year term of supervised release.

Curran filed a timely direct appeal of his conviction and sentence. On appeal, he argued that his due process rights were violated because, in his view, the government and this Court incorrectly advised him at the change-of-plea hearing that he would be able to challenge his §

851 enhancement prior to sentencing. Furthermore, he argued that this Court erroneously relied on statements from his co-defendants' trial in fashioning his sentence without affording him adequate notice. On May 31, 2013, the United States Court of Appeals for the Third Circuit issued a non-precedential opinion affirming Curran's conviction and sentence. *See United States v. Curran*, 527 F. App'x 198 (3d Cir. 2013). In doing so, the Court of Appeals first "reject[ed] Curran's argument as to the allegedly improper assurances surrounding the § 851 information." *Id.* at 201. As the Court of Appeals explained, "[t]he District Court merely acknowledged the existence of a general opportunity for a defendant to contest a § 851 information; it was not error – and certainly not plain error – for the District Court to fail to examine the specific circumstances of the information filed against Curran to determine on its own that Curran's challenge would be time-barred." *Id.* The Court of Appeals next concluded that although this Court did rely on testimony from the trial of Curran's co-defendants in sentencing him, Curran had the chance to rebut that testimony – but failed to do so – as it was referenced in the government's sentencing memorandum. *Id.* at 202. Thus, because he "was aware of [the testimony's] existence and pertinence to his own sentencing," the Court of Appeals "decline[d] to disturb Curran's sentence . . . ." *Id.*

## II. Discussion

Curran raises three separate grounds for relief in his motion, though the first and second grounds are intertwined inasmuch as they both relate to the performance of his plea counsel. First, Curran claims that he was denied effective of assistance of counsel at his change-of-plea hearing because, in his view, "counsel failed to properly investigate the provisions of 21 U.S.C. § 851" and also "failed to advise [him] that the District Court misrepresented the fact [that he] could challenge the prior conviction used for enhancement purposes . . . and to the fact [that]

4

these misrepresentations constituted grounds for withdrawal of the conditional plea[3] and [to] proceed to trial." Def.'s Mot. at 10, ECF No. 976. Second, Curran argues that because of counsel's ineffectiveness, his guilty plea was "ill-advised, unknowing and unintelligent[.]" *Id.* at 3. Third, Curran alleges that, for various reasons, he was denied effective assistance of counsel at sentencing and on direct appeal. The Court will address Curran's first two grounds for relief together and then turn to the third ground for relief.

### A.     Grounds One and Two

Claims of ineffective assistance of counsel arising out of the plea process are governed by the familiar two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Hill v. Lockhart*, 474 U.S. 52, 57 (1985). As applied in the plea context, the first prong of *Srickland* remains the same. *Id.* at 58. That is, a defendant must demonstrate that counsel's "performance was, under all the circumstances, unreasonable under prevailing professional norms." *United States v. Day*, 969 F.2d 39, 43 (3d Cir. 1992) (quoting *Strickland*, 466 U.S. at 694). More specifically, "[w]hen addressing a guilty plea, counsel is required to give a defendant enough information to make a reasonably informed decision whether to plead guilty or go to trial." *United States v. Bui*, 769 F.3d 831, 835 (3d Cir. 2014) (internal citations and quotation marks omitted). Review must be "'highly deferential,'" as there is a "'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *United States v. Booth*, 432 F.3d 542, 546 (3d Cir. 2005) (quoting *Strickland*, 466 U.S. at 688-89).

The prejudice prong, on the other hand, is "slightly modified . . . in connection with

---

3.     Throughout his motion, Curran states that he entered a conditional plea. *See* Federal Rule of Criminal Procedure 11(a)(2) ("With the consent of the government, a defendant may enter a conditional plea of guilty . . . reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion."). As the government points out, however, Curran did no such thing. He actually entered into a straight plea, with no agreements with the government as to anything.

guilty pleas." *Bui*, 769 F.3d at 835 (citing *Hill*, 474 U.S. at 59). In this setting, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* As the Supreme Court has more recently clarified, the defendant "must convince the court" that a decision to go to trial "would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). Thus, a defendant's "bare allegation" that he would have insisted on going to trial is not enough. *Parry v. Rosemeyer*, 64 F.3d 110, 118 (3d Cir. 1995), *superseded by statute on other grounds as stated in Dickerson v. Vaughn*, 90 F.3d 87, 90 (3d Cir. 1996). Rather, to make such a showing, the defendant must point to "objective evidence that he would not have pled guilty" and instead proceeded to trial. *Hutchings v. United States*, 618 F.3d 693, 697 (7th Cir. 2010) (citing *United States v. Cieslowski*, 410 F.3d 353, 359 (7th Cir. 2005)). "[W]hat matters is whether proceeding to trial would have been objectively reasonable in light of all of the facts." *United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012) (citing *Pilla v. United States*, 668 F.3d 368, 373 (6th Cir. 2012)).

"As such, the court must look to the totality of the objective factual circumstances surrounding the plea in order to determine whether there is a reasonable probability that the petitioner would in fact have insisted on trial." *Jones v. United States*, No. 11-20767-CR, 2014 WL 4906217, at *12 (S.D. Fla. Sept. 30, 2014) (citing *Hill*, 474 U.S. at 59; *Hutchings*, 618 F.3d at 697). "[T]his inquiry . . . will generally include assessment of matters such as the strength of the prosecution's case, any available defenses, the plea colloquy and negotiations, and the potential sentencing exposure." *Id.* (citing *Hill*, 474 U.S. at 59-60; *United States v. Farley*, 72 F.3d 158, 165 (D.C. Cir. 1995)). It is important to note, however, that a defendant is not required to show that he would have likely been acquitted at trial in order to establish prejudice. *See*

6

*United States v. Orocio*, 645 F.3d 630, 643 (3d Cir. 2011), *abrogated on other grounds by Chaidez v. United States*, --- U.S. ----, 133 S. Ct. 1103 (2013).

The *Strickland* Court made clear that its requirements may be considered in any order. *Strickland*, 466 U.S. at 694. But the Third Circuit Court of Appeals has "endorsed the practical suggestion in *Strickland* to consider the prejudice prong before examining the performance of counsel prong 'because this course of action is less burdensome to defense counsel.'" *Booth*, 432 F.3d at 546 (quoting *United States v. McCoy*, 410 F.3d 124, 132 n.6 (3d Cir. 2005)). This Court will heed that instruction in this case because, even if Curran's counsel was ineffective,[4] Curran cannot establish prejudice. Although he alleges that "a trial would have resulted" had he been informed that his challenge to the § 851 would have likely been futile, this "bare suggestion" does not carry the day since the weight of the objective evidence in the record suggests otherwise.

First of all, as recounted at the change-of-plea hearing (and at the trial of Curran's two co-defendants, Barndt and Badini, both of whom were convicted), there was overwhelming evidence to establish Curran's guilt. The government had extensive wiretap recordings of Curran, which, combined with the physical surveillance of Curran and his property, directly linked him to the conspiracy and established the four distribution counts. Plea Hr'g Tr. at 22, ECF No. 878. Indeed, when asked at the change-of-plea hearing whether he agreed with the

---

4. Although the Third Circuit rejected Curran's claim that either the government or this Court misinformed him as to whether he could challenge the § 851 information, the Court of Appeals did remark that "*if* Curran has a valid objection to his change-of-plea or sentencing proceedings, it concerns the effectiveness of his own counsel at those proceedings below." *Curran*, 527 F. App'x 198 at 201 (emphasis added). This Court agrees that the onus was on counsel to clarify any misunderstanding about the statements made at the change-of-plea hearing and to make clear that any challenges to the validity of the state-court conviction would be time-barred. Insofar as counsel failed to do so, his conduct may have fallen below the standard of competence required under the circumstances. This Court, however, need not reach this question, as Curran cannot establish that he was prejudiced by counsel's alleged error.

government's summary of his conduct, Curran answered, "That is absolutely correct. . . . [T]hat was pretty much exactly what happened." *Id.* By contrast, he never once suggested, either at the change-of-plea hearing or afterward, that he had a viable defense to the charges.

This Court is, furthermore, not convinced that the type of misinformation allegedly provided by Curran's counsel was the type that would have significantly impacted a plea decision. *See Hutchings*, 618 F.3d at 697 ("Objective evidence [of prejudice] includes the nature of the misinformation provided by the attorney . . . ."); *cf. Moore v. Bryant*, 348 F.3d 238, 242-43 (7th Cir. 2003) (finding prejudice where lawyer mistakenly doubled the defendant's sentencing exposure following a trial vis-à-vis a plea since "that is precisely the type of information that is likely to impact a plea decision"). It would have made little sense for Curran to base his decision to plead guilty entirely on whether he could challenge the § 851 information. Assuming that his challenge was not time-barred (as it was), he could have gone to trial and still raised it, as § 851(b) makes no distinction between whether a conviction is obtained through a guilty plea or a trial.[5] Thus, Curran cannot claim that he lost anything by pleading guilty instead of going to trial. In fact, if he had gone to trial, he would have been worse off. He would have lost the benefit of the two-level reduction for acceptance of responsibility he received by pleading guilty, which would have increased his Guidelines range from 240 to 262 months to

---

5. Curran may have assumed that he had to plead guilty in order to be able to raise any challenge to the § 851 information. In other words, he may have believed that he had two choices: (1) either plead guilty with the chance (however slim) of successfully challenging the § 851, which would thereby cut his mandatory minimum sentence in half or (2) go to trial, lose the chance to challenge the § 851, and be stuck with the certainty of a 20-year mandatory minimum. To the extent this was his thinking, though, he was misguided. Now, if his attorney's bad advice *caused* him to believe that these were his only options, things might be different. In such case, he might be able to establish that he probably would not have pleaded guilty but for counsel's deficiencies, as he would have believed, albeit wrongly, that he was getting at least the possibility of a benefit from his plea. Curran has not raised any such allegations, however, so this Court need not resolve whether that would actually have been the case.

262 to 327 months. Meanwhile, the § 851 information, and the enhanced penalties that came along with it, would have still been hanging over his head.

To be sure, Curran's about-face on the morning of jury selection suggests that he was having a difficult time deciding which course of action to pursue. But there are no objective indications in the record to suggest that the alleged misinformation about whether he could challenge the § 851 was the key factor in his decision to enter a last-minute plea. Therefore, his claim of ineffective assistance of counsel must fail. Because Curran has not established a denial of his Sixth Amendment right to effective assistance of counsel, his challenge to the knowing and voluntary nature of his guilty plea must likewise fail.[6] *See Hill*, 474 U.S. at 56-57 (explaining that a defendant who pleads guilty based on the advice of counsel may attack the voluntary nature of the plea by showing that he suffered ineffective assistance of counsel).

### B. Ground Three

Curran also attacks the performance of the attorney appointed to represent him at sentencing and on appeal. These claims will be addressed *seriatim*.

#### 1. Ineffective Assistance of Counsel at Sentencing

Curran alleges that counsel should have informed him, prior to sentencing, that he could withdraw his guilty plea and proceed to trial. As the government argues, though, even assuming that counsel failed to offer Curran such advice and that he erred in failing to do so, he cannot establish that he was prejudiced. Under Fed. R. Crim. P. 11(d)(2)(B), a defendant is permitted to

---

6.  To the extent that Curran is claiming that he was somehow incapacitated – or, in his words, "punch drunk" – at the change-of-plea hearing, this claim is belied by the transcript of the change-of-plea hearing. At the hearing, he expressly affirmed, *inter alia*, that he was not under the influence of any "drugs, medication or alcohol," that his ability to understand was not "affected by drugs medications, or alcohol," and that his plea was his "own knowing, free, and voluntary act." Plea Hr'g Tr. at 5, 6, 23, ECF No. 878. These "[s]olemn declarations in open court carry a strong presumption of verity[,]" *Blackledge v. Allison*, 431 U.S. 63, 74 (19777), which Curran has not overcome.

withdraw his guilty plea prior to sentencing only if he "can show a fair and just reason for requesting the withdrawal." In evaluating whether a defendant has shown "fair and just reason" for the withdrawal, a district court "must consider three factors . . . (1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003). Although a defendant may be permitted to withdraw a guilty plea based on ineffective assistance of counsel, *id.*, the Court has already concluded that Curran's plea counsel was not ineffective. Therefore, there would have been no basis to withdraw his plea, and counsel cannot be taken to task for failing to raise this issue.

### 2. Ineffective Assistance of Appellate Counsel

Finally, Curran argues that his appellate counsel was ineffective for two reasons. First, he claims that his appellate counsel should have addressed the fact that the attorney representing him at his plea hearing was ineffective "for fail[ing] to advise the [him] properly concerning the provisions of 851 and fail[ing] to advise [him] of his right to withdraw his plea of guilty." Def.'s Mot. at 17, ECF No. 976. Second, he contends that his appellate counsel erred in failing to argue that his sentence was illegal under the Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which was pending before the Supreme Court at the time of Curran's direct appeal. In particular, Curran alleges that his attorney should have been aware of *Alleyne* and should have amended his brief with the Court of Appeals to address the potential effect of that case on the validity of his sentence. Both of these arguments are without merit.

With respect to the first claim, the Court of Appeals has long "expressed [a] strong preference for reviewing allegations of ineffective assistance of counsel in collateral proceedings under 28 U.S.C. § 2255 rather than on direct appeal." *United States v. Sandini*, 888 F.2d 300,

312 (3d Cir. 1989) (citations omitted). There is a "'narrow exception' applicable '[w]here the record is sufficient to allow determination of ineffective assistance of counsel.'" *United States v. Hobbs*, 449 F. App'x 94, 96 (3d Cir. 2011). Curran has not alleged that the appellate record was sufficient to decide his claims of ineffective assistance on direct appeal. Thus, the Court finds that appellate counsel's decision to not raise the issue of ineffective assistance of counsel on direct appeal was not objectively unreasonable. Furthermore, assuming *arguendo* that counsel should have raised this issue, Curran cannot demonstrate that he was prejudiced. "This is not surprising, of course, because for all of the above stated reasons, we have found that trial counsel did not render ineffective assistance of counsel." *United States v. Minerd*, No. CIV.A. 06-212, 2012 WL 1069946, at *24 (W.D. Pa. Mar. 29, 2012).

The Court also finds that Curran's second claim is baseless. In *Alleyne*, the Supreme Court held that any fact that increases the mandatory minimum penalty "for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 133 S. Ct. at 2155. This ruling marked a clear break from the Supreme Court's precedent, as the Court had previously held that "judicial factfinding that increased the mandatory minimum sentence for a crime is permissible under the Sixth Amendment." *Id.* (citing *Harris v. United States*, 536 U.S. 545 (2002)). According to Curran, his sentence is unconstitutional under *Alleyne* "because a judge, rather than a jury, found (1) the quantity of drugs used to determine the base offense level of the offense, and (2) the facts underpinning enhancements for being a leader of a criminal activity and qualification for [the] 851 provision." Def.'s Mot. at 21, ECF No. 976. These arguments, he contends, should have been raised by his counsel on direct appeal.

There are several problems with Curran's line of reasoning. First and foremost, *Alleyne* was not decided until 17 days after the Court of Appeals issued its decision affirming Curran's

11

conviction and sentence. Thus, Curran's appellate counsel cannot reasonably be faulted for failing to predict the outcome in *Alleyne*, which as the government points out was not a foreordained conclusion, and raise that issue before the Court of Appeals. *See Monac v. United States*, No. CIVA 06-489, 2006 WL 2261616, at *1 (W.D. Pa. Aug. 7, 2006) (collecting cases) (It is well established that "counsel will not be held ineffective for failing to predict future developments in the law.").

Second, even if the Court could find fault with counsel's performance, there was no error under *Alleyne* of which to speak. Curran first contends that the Court engaged in impermissible judicial fact-finding with regard to the drug quantity. However, he admitted during the change-of-plea hearing that he "received at least fifteen kilograms of cocaine through the Bosnian organization for over $30,000 per kilogram between March, 2009, and the end of October, 2009. He then mixed much of the cocaine with additives such as Inositol which increased the volume of the cocaine and then redistributed the cocaine to other dealers . . . ." Pl. Hr'g Tr. at 21, ECF No. 878. This admission during the plea colloquy "negated the need for the district court to make a finding beyond a reasonable doubt regarding drug quantity." *United States v. Ramirez*, 528 F. App'x 678, 680 (7th Cir. 2013) (citing *United States v. Warneke*, 310 F.3d 542, 550 (7th Cir. 2002); *United States v. Yancy*, 725 F.3d 596, 601-02 (6th Cir. 2013)). Curran's claim regarding his prior conviction likewise fails because *Alleyne* did not change the rule that, for sentencing enhancement purposes, the fact of a prior conviction can be found by a judge and need not be submitted to a jury. *See United States v. Blair*, 734 F.3d 218, 227 (3d Cir. 2013) (recognizing that *Alleyne* preserved "the established exception under *Almendarez-Torres*[, 523 U.S. 224 (1998)] that allows judges to consider prior convictions").

### III. Conclusion

For the reasons hereinabove stated, Curran's motion will be **DENIED** and Civil Action No. 2:14-cv-1377 will be docketed as **CLOSED**. The remaining issue before the Court is whether a certificate of appealability should issue. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That is, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This Court finds that, for all of the foregoing reasons, Curran has failed to make such a showing. Thus, a certificate of appealability will not issue. An appropriate order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | **2:09-cr-325** |
| v. | ) | **2:14-cv-1377** |
| | ) | |
| **DAVID CURRAN,** | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER OF COURT

**AND NOW**, this 8th day of December, 2014, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (ECF No. 976) filed by David Curran is **DENIED**, and no certificate of appealability shall issue because Curran has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). It is **FURTHER ORDERED** that Civil Action No. 2:14-cv-1377 shall be docketed as **CLOSED**.

BY THE COURT:

s/ Terrence F. McVerry
Senior United States District Court Judge

cc: Craig W. Haller, Assistant U.S. Attorney
Email: craig.haller@usdoj.gov

David Curran
USMS 30701068
FCI Yazoo City (Medium)
P.O. Box 5000
Yazoo City, MS 39194-5888
PRO SE