IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 09-325 |
| | ) |
| DAVID CURRAN, | ) Judge Nora Barry Fischer |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

I.   INTRODUCTION

Presently before the Court is Defendant David Curran's ("Defendant") Motion for Reduction of Sentence Pursuant to U.S.C. § 3582(c)(2), filed on June 2, 2017. (Docket No. 1038). The Government filed its response to said motion on June 29, 2017, and Defendant filed a reply on July 13, 2017. (Docket Nos. 1043, 1045). The parties filed sur-replies on July 26, 2017, and on August 18, 2017. (Docket Nos. 1047, 1050, 1051). Upon consideration of the parties' positions and for the following reasons, Defendant's Motion [1038] is DENIED.

II.   BACKGROUND[1]

On August 8, 2011, Defendant pled guilty to one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 and three counts of distribution of a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) at Counts One, Two, Four, and Six of the Superseding Indictment. (Docket Nos. 227, 692). There was no written plea agreement in the case. (*See* Docket No. 835 at 2). The U.S. Probation Office prepared a Presentence Investigation Report ("PIR") dated November 2, 2011. (Docket No. 792). Pursuant to the Local Criminal Rules, counsel for the Government and for Defendant each filed objections and responses to the PIR. (Docket Nos.

---

[1] Upon Judge Terrence F. McVerry's retirement, this matter was reassigned to the undersigned.

796, 798, 802, 803). Subsequently, the Probation Office prepared an Addendum. (Docket No. 821).

On December 1, 2011, Judge McVerry issued a memorandum opinion wherein he overruled the Government's objections to the PIR and concluded that the 2008 Guidelines Manual, rather than the 2011 Guidelines Manual, applied to Defendant's guideline range. (Docket No. 825). Under the 2008 Guidelines Manual, based on a total offense level of thirty seven (37) and a criminal history category of III, the advisory guideline range for imprisonment was two hundred and sixty-two (262) to three hundred and twenty-seven (327) months. (*Id.* at 6). In his Tentative Findings and Rulings, Judge McVerry addressed Defendant's objections to the PIR. (Docket No. 835). Finding that there was insufficient record evidence establishing that Defendant possessed a dangerous weapon, Judge McVerry sustained Defendant's objection as to the assessment of two additional points under Guideline § 2D1.1(b)(1). (*Id.* at 4-5). He also sustained Defendant's objection as to the addition of one criminal history point, as the Probation Office had agreed that Defendant was unable to appear in court in the District of Utah due to his incarceration on the instant offenses. (*Id.* at 7). The removal of the point did not affect Defendant's criminal history category, as it remained a category of III. (*Id.*). Judge McVerry overruled Defendant's remaining objections. (*Id.* at 4-8). Based upon Judge McVerry's Tentative Findings and Rulings, Defendant's revised total offense level was thirty five (35), which, coupled with a criminal history category of III, resulted in a revised advisory guideline range for imprisonment of two hundred and ten (210) to two hundred and sixty-two (262) months. (*Id.* at 8).

Approximately one week prior to sentencing, on December 1, 2011, Defendant's counsel filed a motion to withdraw as counsel. (Docket No. 824). Following a hearing on December 20,

2011, Judge McVerry granted Defendant's counsel's motion and generally continued Defendant's sentencing. (Docket No. 843). Defendant's sentencing hearing was held on April 10, 2012, at which time Defendant was sentenced at Counts One, Two, Four, and Six of the Superseding Indictment to a total of two hundred and sixty-two (262) months' imprisonment. (Docket No. 889 at 2). Defendant was sentenced to ten (10) years' supervised release at Count One of the Superseding Indictment and six (6) years' supervised release at Counts Two, Four, and Six of the Superseding Indictment, with all such terms to be served concurrently. (*Id.* at 3). Judge McVerry ordered Defendant to pay a $400.00 special assessment and ordered that an *in personam* money judgment in the amount of one million, eighty thousand dollars ($1,080,000.00). (*Id.* at 1, 6). In addition, any interest that Defendant may have had in the real property known and numbered as 336 Brookside Boulevard, Upper St. Clair, PA 1521; a 2003 Land Rover automobile (VIN SALME114X3A125282); $8,970.00 in United States currency that was seized from Defendant on October 22, 2009, by the Pennsylvania State Police; and $7,610.00 in United States currency that was seized from Defendant on November 12, 2009, by the Pennsylvania State Police was forfeited in favor of the United States. (*Id.* at 6). Defendant appealed on April 11, 2012, and the Third Circuit Court of Appeals affirmed on May 31, 2013. (Docket Nos. 890, 931).

On October 10, 2014, Defendant filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, to which the Government responded on November 6, 2014. (Docket Nos. 976, 979). Judge McVerry denied Defendant's motion on December 8, 2014, determining that an evidentiary hearing was not warranted and finding meritless Defendant's claims of ineffective assistance of counsel at his change-of-plea hearing, at sentencing, and on direct appeal. (Docket No. 983). Because Defendant did not make a substantial showing of the

denial of a constitutional right, Judge McVerry declined to issue a certificate of appealability. (*Id.* at 13-14). Defendant filed an appeal on December 30, 2014. (Docket No. 985). On August 17, 2015, the Third Circuit denied Defendant's request for a certificate of appealability. (Docket No. 1015).

Defendant filed the instant motion for a reduction to this sentence under 18 U.S.C. § 3582(c) on June 2, 2017, to which the Government responded on June 29, 2017. (Docket Nos. 1038, 1043). Defendant filed a reply on July 13, 2017. (Docket No. 1045). Subsequently, the Government filed a sur-reply on July 26, 2017, and Defendant filed a sur-reply on August 18, 2017. (Docket Nos. 1047, 1050, 1051). As noted above, this matter was reassigned to the undersigned upon Judge McVerry's retirement. *See supra* n.1.

It is well-settled that a defendant does not have a right to an evidentiary hearing in section 3582(c) proceedings as such proceedings "do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3); *see also* FED. R. CRIM. P. 43(b)(4) ("A defendant need not be present" when "[t]he proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)"). This Court is very familiar with the facts of the instant matter, as the undersigned has reviewed the PIR, (Docket No. 792); the transcript of the sentencing hearing, (Docket No. 904); Judge McVerry's Memorandum Opinions and Orders; the Third Circuit's orders; and the parties' pleadings. Therefore, a hearing on the instant motion is not warranted or necessary. *See, e.g., United States v. Mitchell*, No. 06-CR-358, 2009 U.S. Dist. LEXIS 40010, at *3-4 (W.D. Pa. May 11, 2009) (declining to hold evidentiary hearing in considering a § 3582(c) motion); *see also United States v. Styer*, 573 F.3d 151, 154 (3d Cir. 2009) (holding that the district court acted within its discretion in determining that a hearing was not necessary in considering a § 3582(c) motion); *United States v. Travillion*, No. 04-CR-144, 2013 U.S. Dist.

LEXIS 150453, at *11-12 (W.D. Pa. Oct. 18, 2013) (concluding that an evidentiary hearing was not necessary, based upon the extensive record and briefing, in considering a § 3582(c) motion). As the present motion is fully briefed, it is now ripe for disposition.

III. DISCUSSION

Defendant seeks relief under section 3582(c)(2), which provides, in pertinent part:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). "The statute thus establishes a two-step inquiry. A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010). "At step one, § 3582(c)(2) *requires* the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827 (emphasis added). *United States v. Booker*, 543 U.S. 220 (2005), does not apply to § 3582(c) proceedings, *see Dillon*, 560 U.S. at 828, and, thus, the policy statement at Guideline § 1B1.10 is binding on district courts, *see United States v. Smith*, 459 F. App'x 99 (3d Cir. 2012) (not precedential). "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827; *see also United States v. Matteo*, 560 F.3d 152, 154 (3d Cir. 2009) ("We review a court's ultimate decision whether to grant or deny a

5

defendant's motion to reduce sentence under § 3582(c)(2) for abuse of discretion.");

The Court applies the version of Guideline § 1B1.10 "that is in effect on the date on which the court reduces the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10 cmt. 8. The latest version of Guideline § 1B1.10 provides, in pertinent part, that:

> (1) In general. In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) Exclusions. A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if--
>
>> (A) None of the amendments listed in subsection (d) is applicable to the defendant; or
>>
>> (B) An amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a)(1)-(2). Application Note 1(B)(ii) provides that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining: (I) Whether such a reduction is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b)." U.S.S.G. § 1B1.10 cmt. n.1(B)(ii). Subsection (d) of Guideline § 1B1.10 lists Amendment 782 as being covered by this policy statement, thus making a sentence reduction available if all other requirements are met. U.S.S.G. § 1B1.10(d). Amendment 782 reduced by two the offense levels in Guideline § 2D1.1 for drug quantities that trigger a mandatory

minimum sentence. U.S.S.G. Supp. App. C, Amend. 782. Amendment 782 is retroactive, provided that any reduction take effect on or after November 1, 2015. U.S.S.G. Supp. App. C, Amend. 788; U.S.S.G. § 1B1.10(d); U.S.S.G. § 1B1.10, cmt. n.6.

In his motion, Defendant argues that because his sentence was based upon Guideline § 2D1.1, Amendment 782 applies retroactively to his sentence. (Docket No. 1038 at 1-2). Defendant asserts that his base offense level is reduced from thirty four (34) to thirty two (32), making his overall offense level thirty three (33). (*Id.* at 3). With a criminal history category of III, and the application of the mandatory minimum, Defendant requests that his sentence be reduced from two hundred and sixty-two (262) months' imprisonment to two hundred and forty (240) months' imprisonment. (*Id.*). Defendant contends that the factors to be considered in imposing a sentence under 18 U.S.C. § 3553(a) supports a sentence reduction. (*Id.*). Specifically, Defendant states that he is the father of two children; that he began using pain killers in his teens; and that his use of pain killers, combined with regular marijuana and alcohol use, and periodic cocaine use, was the root cause of his offense conduct. (*Id.*). In discussing his post-sentencing conduct, Defendant notes that he has served seven and one-half years of his prison term; that he has taken educational and vocational courses, including a parenting program and job-related courses; and that he completed the Non-Residential Drug Abuse Treatment Program in 2014 and another drug education program in 2013. (*Id.* at 4). Defendant admits that he has been written up three times for receiving a tattoo on August 12, 2013; for conducting a gambling pool on October 5, 2016; and for being insolent toward a staff member on October 5, 2016. (*Id.*; Docket No. 1038-3).

The Government agrees that this Court has the discretion to reduce Defendant's offense level by two levels pursuant to Amendment 782, which would result in a term of two hundred

and forty (240) months' imprisonment. (Docket No. 1043 at 3). The Government submits, however, that such a reduction in unwarranted under § 3553(a) because Defendant presents an unacceptable danger to society. (*Id.* at 4-5). The Government points out that Defendant has an extensive criminal history and was previously convicted of entering a residence, assaulting the occupant, and stealing their money; shooting a bullet into a vehicle in close proximity to another person; possessing approximately two pounds of marijuana with the intent to distribute it; driving under the influence of alcohol twice; using a vehicle without authorization; and engaging in disorderly conduct twice. (*Id.* at 5). The Government further notes that at the time of his instant conviction, Defendant had pending charges for, or had been convicted of, drug possession in Utah; tampering with physical evidence and drug possession in Texas; and providing false identification information in Florida. (*Id.*). Finally, the Government emphasizes at the time Defendant was arrested in this matter in December 2009, he was facing a jail sentence in Tennessee for a motor vehicle violation and that he was charged with robbery, burglary, aggravated assault with a deadly weapon, theft, unlawful restraint, and criminal conspiracy in 2006. (*Id.*). In addressing Defendant's arguments, the Government asserts that his disciplinary history is not a basis for a reduction, as he has done what is expected in prison and will be credited with good time toward his release date. (*Id.* at 5-6).[2]

In subsequent briefing, Defendant maintains that a reduction is warranted because the circumstances raised by the Government were factored into the calculation of his sentencing range in 2011; the Government's filing of a § 851 information dispels any argument that the Guidelines do not sufficiently account for his role and the scope of the offense; individuals with

---

[2] The Government notes that Defendant stated that he had just "beat a case" and that he "should be doin' twenty" during an intercepted telephone conversation on October 20, 2009. (*Id.* at 5). As discussed above, Judge McVerry sustained Defendant's objection with respect to statements that were made on an intercepted telephone call and opined that the same were "unsubstantiated puffing." (Docket No. 835 at 5).

substantiated claims of violence have been granted sentence reductions pursuant to Amendment 782; and the majority of his prior convictions are relatively minor and demonstrate that he was struggling with alcohol and substance abuse. (Docket Nos. 1045, 1050). The Government counters that Defendant trivializes his criminal history, which has been extensive and constant since age fourteen; that the instant crime was serious, as Defendant was the manager of a large-scale cocaine conspiracy connected to a Bosnian drug trafficking organization; and that Defendant presents an unacceptable danger to society. (Docket Nos. 1047, 1051).

The Court finds that considering Defendant's role in the convicted offense, coupled with his criminal history record and public safety considerations, he remains a substantial threat to the community. "[T]he District Court is not required to consider every § 3553(a) factor but the factors 'to the extent they are applicable.'" *United States v. Tolendano*, 643 F. App'x 145, 148-49 (3d Cir. 2016) (quoting 18 U.S.C. § 3582(c)). Thus, "each factor may not always be applicable or necessary for consideration." *Id.* at 149. That said, however, "[o]ne of the aims of Amendment 782 is to place a greater emphasis on a defendant's role and conduct in a crime—rather than merely the quantity of drugs involved in a crime." *Id.*

Here, Defendant had a significant role in the offense conduct. (*See* Docket No. 792). Specifically, Defendant and several of his associates trafficked in substantial quantities of cocaine in the Western Pennsylvania area and had been doing so for years. (*Id.* at 7). Defendant was frequently in contact with a member of a Bosnian drug trafficking organization operating out of Columbus, Ohio; Indianapolis, Indiana; and Chicago, Illinois. (*Id.*). The Drug Enforcement Agency's Title III intercepts of five telephones revealed that Defendant's connection to the Bosnian organization was through a male identified as Omer Dugalic, who made numerous trips between May and October 2009 to Pittsburgh with multiple kilograms of cocaine. (*Id.*).

Defendant received at least fifteen kilograms of cocaine from the Bosnian organization between March and October 2009, and Defendant then re-distributed the cocaine, much of which contained additives such as Inositol to increase the volume of the cocaine, to other dealers. (*Id.* at 7, 9).³ As the Government has argued, Defendant's criminal history is extensive and dates back to age fourteen. (Docket No. 792 at 11-24). Some of Defendant's criminal history that is especially concerning to the Court includes: Defendant's offenses related to possession of controlled substances, (*id.* at 13, 15, 18, 20, 22-24); Defendant's offenses related to alcohol, which include the purchase of alcoholic beverages by a minor and driving under the influence, (*id.* at 14, 16, 18-19); and Defendant's violent offenses, which include simple assault, disorderly conduct by striking two victims and threatening to kill three victims, and recklessly endangering a victim by discharging a firearm out of a vehicle into another vehicle, (*id.* at 12, 14-15).

The Court has also considered Defendant's characteristics, including that his older brother died at the age of twenty five from a drug overdose; that he has had ongoing behavioral difficulties that impacted his academic achievement, as he needs to be in a highly structured learning environment with a therapeutic component; that he graduated from Baldwin High School, where he was involved in baseball and wrestling; that he first tried marijuana at age thirteen, alcohol at age fifteen, Zanax, Percocet, Loracet, and Vicodin at age fifteen, and cocaine at age sixteen; that he has been gambling and abusing drugs and alcohol since he was a teenager; and that he relapsed after completing a ninety-day substance abuse treatment program; (*Id.* at 24-26). The Court has likewise taken into account Defendant's post-conviction conduct,

---

³ The Court again acknowledges that Judge McVerry sustained Defendant's objection related to an intercepted telephone call on October 3, 2009. *See supra* n.2. That said, however, Defendant's objection was sustained as to Paragraph 21 of the PIR. (Docket No. 835 at 4-5). The Court notes that the interception of a telephone call at Paragraph 14 of the PIR sets forth Defendant's statements that he stomped an individual's uncle "to a bloody, in a bloody pool," and "[w]recked [a] whole house" when he "kicked holes in the walls [and] broke the TV." (Docket No. 792 at 8). While the Court recognizes that Defendant's statements may be "unsubstituted puffing," (Docket No. 835 at 5), the Court finds the same to be troubling.

including his accomplishment and record during his incarceration, which have been recounted above. While the Court recognizes Defendant's achievements, the overall circumstances of this case establish that Defendant presents a danger to the community.

A transcript of the sentencing hearing held before Judge McVerry on April 10, 2012, further supports the Court's decision. (Docket No. 904). At that time, Judge McVerry noted that Defendant was "the central figure" to whom cocaine was delivered "on a regular basis." (*Id.* at 9-10). Testimony established that Defendant received over fifteen kilograms of cocaine, which he then distributed to a number of people. (*Id.* at 10). Indeed, Defendant admitted under oath at his change-of-plea hearing that he had received at least fifteen kilograms of cocaine from the Bosnian organization for over $30,000 per kilogram. (*Id.* at 11). In discussing the § 3553(a) factors, Judge McVerry explained that Defendant was a drug dealer for years leading up to his arrest in December 2009; that Defendant has the potential for "actual brutal violence and serious threats;" that Defendant's violence and threats "terrorized" the family members of one of his co-conspirators; that Defendant had threatened to kill Amanda Black, who is the mother of one of his children and who was pregnant at the time; that Defendant told one of his relatives that he "love[s] seeing cops die;" and that Defendant refused to stop his drug trafficking activity after learning that he might be under federal investigation. (*Id.* at 24-26). Judge McVerry also reviewed Defendant's extensive criminal history and substance abuse history, which the Court has outlined above. (*Id.* at 26-28). In sentencing Defendant, Judge McVerry found that the Government had demonstrated that Defendant received at least fifteen kilograms of cocaine from the Bosnian organization in 2009; that Defendant added a cutting agent to the cocaine and at least doubled the amount of cocaine to thirty kilograms; that Defendant was making a $23,000.00 profit per kilogram; and that even if Defendant had resold the kilograms at his cost,

he would have generated $1,080,000.00 in gross receipts. (*Id.* at 31-32).

Having considered the totality of the record and circumstances of this matter, the Court concludes that Defendant poses an unacceptable danger to society. U.S.S.G. § 1B1.10 cmt. n.1(B)(ii); 18 U.S.C. § 3553(a)(2)(C) (stating that the court shall consider the need "to protect the public from further crimes of the defendant). Thus, in exercising its discretion, the Court will deny Defendant's request for a sentence reduction, and Defendant's sentence will remain two hundred and sixty-two (262) months' imprisonment, as imposed by Judge McVerry on April 10, 2012. *See, e.g.*, *United States v. Rodriguez*, 855 F.3d 526 (3d Cir. 2017) (holding that the district court did not abuse its discretion in denying a motion for a sentence reduction based upon Amendment 782); *United States v. Tolendano*, 643 F. App'x 145 (3d Cir. 2016) (same); *United States v. Smith*, No. 03-CR-45, 2016 U.S. Dist. LEXIS 157301 (M.D. Pa. July 15, 2016) (denying motion for sentence reduction based upon Amendment 782); *see also Styer*, 573 F.3d 151 (denying motion for sentence reduction based upon the nature of the original criminal conduct).

IV. CONCLUSION

Based on the foregoing, Defendant's Motion for Reduction of Sentence Pursuant to U.S.C. § 3582(c)(2) [1038] is DENIED. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Court

Dated: September 26, 2017

cc/ecf: All counsel of record.

David Curran c/o Samantha L. Stern, Esquire